MORGAN, LEWIS & BOCKIUS LLP
ROBERT JON HENDRICKS, State Bar No. 179751
LARRY M. LAWRENCE, State Bar No. 232720
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500 / Fax: 213.612.2501
E-mail: rhendricks@morganlewis.com
E-mail: llawrence@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
JENNIFER E. SPERLING, State Bar No. 166504
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000 / Fax: 949.399.7001
E-mail: jennifer.white@morganlewis.com

Attorneys for Defendant
American Airlines, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRAINE D. BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC., and DOES 1–100, inclusive,<br><br>Defendants. | Case No. CV 10-8431 AG (PJWx)<br><br>Hon. Patrick J. Walsh<br><br>[**PROPOSED**] ORDER GRANTING PROTECTIVE ORDER<br><br>Trial Date:   March 6, 2012 |
| AMERICAN AIRLINES, INC.,<br><br>Cross-Complainant,<br><br>v.<br><br>SALVATORE ARENA, and DOES 1–10, inclusive,<br><br>Cross-Defendants. | |

Based on the stipulation of Plaintiff Lorraine Brown, Defendant American Airlines, Inc., and Cross-Defendant Salvatore Arena (hereinafter collectively "Parties"), the Court orders that:

1. The Parties have sought the production of various documents from one another that either or both Parties contend are private and/or confidential. The Parties intend that such information be kept confidential and not be used for any purpose other than in this action.

2. When either Party produces documents in connection with this case, it may designate such documents as "confidential." Such designated document shall be produced with a legend identifying the documents as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL" (hereinafter referred to as "CONFIDENTIAL INFORMATION") or otherwise listing the documents as "CONFIDENTIAL INFORMATION." Each Party that designates information or items for protection under this Order must take care to limit any such designation to material that it reasonably believes are private or confidential. If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection, that Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

3. CONFIDENTIAL INFORMATION will be used by the Party to whom it is disclosed only in this action. A person identified in paragraph 4 of this Stipulation will not use any CONFIDENTIAL INFORMATION for any purposes other than this litigation.

4. CONFIDENTIAL INFORMATION will be produced only to the receiving Party's counsel and will not be exhibited or disclosed to any other person without the written consent of counsel for the producing Party, except it may be disclosed (a) to the receiving Party's counsel's legal staff and professionals; (b) the receiving Party himself, herself, or itself; (c) the Receiving Party's officers, directors, and employees; (d) the Court and its personnel; (e) witnesses to whom disclosure is reasonably necessary and

who have signed the Acknowledgment attached hereto as Exhibit A; (f) experts to whom disclosure is reasonably necessary and who have signed the Acknowledgment attached hereto as Exhibit A; and (g) court reporters, their staffs, and professional vendors who have signed the Acknowledgment attached hereto as Exhibit A.  If CONFIDENTIAL INFORMATION is provided to the Court by either Party or their counsel, such documents will be filed under seal.

5.      Counsel for the Party receiving CONFIDENTIAL INFORMATION will be responsible for ensuring that persons who are reviewing CONFIDENTIAL INFORMATION on the receiving Party's behalf or at the direction of the receiving Party and/or their counsel are informed of the terms of this Stipulated Protective Order and that no one, other than the persons specified in paragraph 4, is informed of the substance of any CONFIDENTIAL INFORMATION disclosed or produced.  Before disclosing CONFIDENTIAL INFORMATION to any other person not specified in paragraph 4, counsel will seek a modification of this agreement, as provided for in paragraph 11, to add the name of that person to paragraph 4.

6.      Any document or tangible thing designated as CONFIDENTIAL INFORMATION that is identified as an exhibit in connection with testimony given in these proceedings can be marked with the label "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL," in which case any testimony directly concerning the document or thing will also be considered CONFIDENTIAL INFORMATION and will be subject to the terms of this Stipulated Protective Order.  The Parties agree to work with each other in good faith to determine the extent and scope of testimony that will be considered CONFIDENTIAL INFORMATION.

7.      Should the party receiving CONFIDENTIAL INFORMATION or that Party's counsel seek to file with the Court CONFIDENTIAL INFORMATION in the form of a document, interrogatory answer, deposition-transcript excerpt, pleading, or other record or tangible item, they will do so under seal.

8. On final disposition of this action, the receiving Party's counsel shall return or destroy all documents and tangible items covered by this Stipulated Protective Order to the producing Party, and the receiving Party's counsel will destroy all copies, transcripts, notes, and extracts containing CONFIDENTIAL INFORMATION.

9. Nothing in this Stipulated Protective Order (a) affects, in any way, the admissibility of any documents, testimony, or other evidence at trial; (b) restricts the use of information obtained from sources other than discovery conducted under the terms of this Stipulated Protective Order; or (c) restricts any Party from challenging the "CONFIDENTIAL INFORMATION" designation of the other Party. As to challenges, a Party does not waive his, her, or its right to challenge a "CONFIDENTIAL INFORMATION" designation by electing not to mount a challenge promptly after the original designation is disclosed. Furthermore, a Party that elects to initiate a challenge to a designating Party's "CONFIDENTIAL INFORMATION" designation must do so in good faith and must begin the process by conferring with counsel for the designating Party. In conferring, the designating Party must explain the basis for his, her, or its belief that the confidentiality designation was proper. Only after this meet-and-confer has occurred may a challenging Party proceed to file and serve a motion, in compliance with the Local Rules, that identifies the challenged material and sets forth the basis for the challenge. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the producing Party's designation.

10. The Parties reserve all rights to object to the admissibility at trial of the documents, testimony, and information that are the subject of this Stipulated Protective Order on any and all grounds, including privacy.

11. This Stipulated Protective Order may be modified by written agreement of the parties, subject to approval of the Court.

//
//

1  //
2  //
3      12. Any alleged breach of this Stipulated Protective Order shall not give rise to any private right of action or claim under any law. The exclusive remedy for any alleged breach will be limited to seeking relief from the Court in connection with the litigation of this action.

**IT IS SO ORDERED.**

Dated: <u>August 11, 2011</u>    By _/s/ Patrick J. Walsh_____

                                               Hon. Patrick J. Walsh